IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| KYRIMA ANDERSON, | : |
| Petitioner, | : |
| v. | : Case No. 3:25-cv-169-TES-CHW |
| JUDGE MIKE BURKE, *et al.*, | : |
| Respondents. | : |

## ORDER

*Pro se* Petitioner Kyrima Anderson, a prisoner confined in the Pulaski State Prison in Hawkinsville, Georgia, has filed a pleading that was docketed as a petition for mandamus relief (ECF No. 1). Petitioner has also filed a "dispositive motion for injunctive relief immediately/restitution/rent/remedy/filing of criminal charges/compensation for damages" (ECF No. 5). For the following reasons, Petitioner must (1) recast her Petition on the Court's standard form for cases filed under 42 U.S.C. § 1983 and (2) pay the $405.00 filing fee in full or file a complete and proper motion for leave to proceed *in forma pauperis* within **FOURTEEN (14) DAYS** of the date of this Order if she wishes to proceed with her claims. Her motion for injunctive relief is **DENIED as moot.**

## DISCUSSION

The events giving rise to the Petition in this case are not entirely clear. Petitioner seems to be contending that various officials in the Walton County clerk's and sheriff's offices and a Walton County judge wrongfully evicted her and her family from their home and sold the property. ECF No. 1 at 1. Petitioner seeks an order from this Court "to rightfully remove the family who is in possession of this property by way of theft by receiving, ren[]ovate & restore the private property

and replace every item destroyed in the unlawful eviction." *Id.* at 1-2. Petitioner also wants to file criminal charges related to "the improper disposal of her grandfather's cre[]mated remains and destruction of sacred burial ground and spiritual artifacts." *Id.* at 2. She also suggests the new owners of the property should be charged criminally for engaging in "mortgage fraud." *Id.*

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). This means "[t]hey possess only that power authorized by Constitution and statute," and the burden of establishing a federal court's jurisdiction "rests upon the party asserting jurisdiction[.]" *Id.* One of the ways a party can establish original jurisdiction in a federal district court is by asserting a claim that "aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331 (federal question jurisdiction). One of the most common types of cases filed by prisoners—claims arising under 42 U.S.C. § 1983—falls under this jurisdictional umbrella. To state a claim for relief under § 1983, a plaintiff must allege that (1) an act or omission deprived her of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995).

While some of Petitioner's allegations could perhaps give rise to § 1983 claims, Petitioner also appears to request at least two forms of relief that this Court cannot grant her. First, this Court generally lacks the "power to issue writs of mandamus to direct state courts and their judicial officers in the performance of their duties." *Moye v. Clerk, DeKalb Cnty. Superior Ct.*, 474 F.2d 1275, 1276 (5th Cir. 1973). Second, the Court does not have jurisdiction to institute criminal proceedings or to order state or federal law enforcement agencies or prosecutors to initiate investigations or prosecutions. *Otero v. U.S. Att'y Gen.*, 832 F.2d 141, 141 (11th Cir. 1987).

If Petitioner believes that state actors have violated her federal rights and she is not seeking prohibited relief, then she should recast her Petition on the Court's standard § 1983 form within **FOURTEEN (14) DAYS** of the date of this Order. The recast complaint must contain a caption that clearly identifies, by name, each individual that Petitioner has a claim against and wishes to include as a defendant in this action. Petitioner is to name only the individuals associated with the claim or related claims that she is pursuing in this action. Petitioner must then tell the Court exactly how that individual violated her constitutional or federal statutory rights, including (1) what each defendant did (or did not do) to violate her rights; (2) when and where each action occurred; and (3) how Petitioner was injured as a result of each defendant's actions. Petitioner must complete the entire complaint form.

**The recast complaint shall supersede (take the place of) her initial pleading (ECF No. 1).** The Court will not look back at this document, or any other document Petitioner has already filed in this action, to determine whether Petitioner has an actionable federal claim. Thus, any fact Petitioner deems necessary to her lawsuit should be clearly stated in her recast complaint, even if Petitioner has previously alleged it in another filing. As stated above, Petitioner must name each defendant she wishes to sue and if Petitioner fails to link a named defendant to a claim, the claim will be dismissed. Because Petitioner may include all her claims on her § 1983 form, including those raised in her motion for injunctive relief, that motion (ECF No. 5) is **DENIED as moot.** The Clerk is **DIRECTED** to send Petitioner a copy of the Court's standard § 1983 form, marked with the case number for this case, that Petitioner should use to submit her recast complaint.

In addition, Petitioner has not paid the filing fee or moved for leave to proceed *in forma pauperis* in this case. Petitioner shall therefore have **FOURTEEN (14) DAYS** from the date shown on this Order to either pay the $405.00 filing fee or file a proper motion to proceed without

3

the prepayment of the filing fee. This motion must contain a certified copy of Petitioner's prison trust fund account statement, as required by law. *See* 28 U.S.C. § 1915(a)(2). The Clerk is **DIRECTED** to mail Petitioner a copy of the standard form, marked with the case number of the above-captioned action, that she should use for this purpose.

## CONCLUSION

To reiterate, Petitioner shall have **FOURTEEN (14) DAYS** from the date of this Order to (1) recast her pleading on the standard § 1983 form and (2) pay the $405.00 filing fee or file a complete and proper motion for leave to proceed *in forma pauperis*. Petitioner's motion for injunctive relief (ECF No. 5) is **DENIED as moot.** While this action is pending, Petitioner must also immediately inform the Court in writing of any change in her mailing address. **Failure to fully and timely comply with this Order may result in the dismissal of this case.** There will be no service of process in this case until further order.

**SO ORDERED** , this 16th day of December, 2025.

s/ Charles H. Weigle<br>
Charles H. Weigle<br>
United States Magistrate Judge